FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 14 2026

TAMMY H. DOWNS, CLERK
By: ____________ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**PRESLEY PHILLIPS NOEL** **PLAINTIFF**

**VS.** **CASE NO.** 3:26-cv-288-JM

This case assigned to District Judge Moody
and to Magistrate Judge Harris

**SONIA HAGOOD in her individual capacity and in her official capacity as Prosecutor for The Second Judicial District of Arkansas, and JESSICA THOMASON, in her individual capacity** **DEFENDANTS**

COMPLAINT

**COMES NOW** THE PLAINTIFF, **PRESLEY PHILLIPS NOEL**, by and through counsel, **SUTTER & GILLHAM, PLLC**, who for her Complaint, states:

PARTIES AND JURISDICTION

1. Plaintiff is a citizen and resident of Craighead County, Arkansas.

2. Defendant Sonia Hagood, in her individual capacity is a citizen and resident of Greene County, Arkansas. Hagood, in her official capacity, is an elected official of the State of Arkansas, as she is the elected prosecutor for the second judicial district of Arkansas. Jessica Thomason was Hagood's Chief Deputy.

3. This is an action brought for violations of federal law, including Title VII, the Family Medical Leave Act, 42 U.S.C. 1983, the Pregnancy Discrimination Act, and the Pregnant Workers Fairness Act, for an amount exceeding that required for diversity jurisdiction.

4. Based on the foregoing, there is federal question jurisdiction of these claims and venue is appropriate as all acts in question took place in the Eastern District of Arkansas.

FACTS

5. Plaintiff began working as a prosecutor in the second judicial district in January of 2023, and was accordingly a state employee.

6. in 2025 and 2026, the State of Arkansas employed more than 500 people during more than 20 weeks of the calendar year.

7. In 2025 and 2026, the State of Arkansas employed more than 50 people within 75 miles of Plaintiff's worksite.

8. At all times in 2025 and 2026, Plaintiff had worked for Defendant for more than one year, and had worked more than 1250 hours in the preceding year.

9. In January of 2026, Defendants fired Plaintiff.

10. Plaintiff was pregnant at the time, and was due in March 2026.

11. In April 2025, Plaintiff was informed she would be transferred to Mississippi county to take over the DTF docket and continue the Craighead County Juvenile docket.

12. In May 2025 the transfer took effect.

13. Soon after this in May 2025, Plaintiff learned she was pregnant.

14. Plaintiff informed Thomason of her pregnancy and asked her not to disclose it.

15. Thomason informed Hagood soon after getting the information, notifying Hagood against her wishes.

16. Plaintiff was fired because of her pregnancy, upcoming FMLA leave, and her gender.

17. Plaintiff filed an EEOC charge less than 180 days after her termination.

18. In response, Defendants have come up with a number of pretexts to try to defend this illegal termination, claiming that a May 15, 2025 evaluation of plaintiff occurred in which she was given a 2 out of 5 on customer service, communication, accountability, professionalism, and job knowledge, skills, and work product. They also claim that she could not handle a felony

docket, was insubordinate, did not progress in her training, and violated office directives and policies. They claim the move to Mississippi county was to send her to a slower docket.

19. The move to Mississippi County was not a favor. Defendants knew where she lived and that it would cause her to have travel time of over 2 hours a day, every day. She was not given an office and was required to pay all her own expenses.

20. Defendants claimed Plaintiff was presented with the evaluation. The evaluation is not only false in its substance, it was never actually given to her and was in fact created after an EEOC charge was filed. The only evaluation she was given was her 90 day evaluation and it was fine.

21. Contrary to the claim that she was moved to a slower docket, her docket and caseload increased. Before she handled two dockets, now she handled six.

22. As to claims of insubordination, failure to progress in training, not handling her docket, Plaintiff was never counseled, warned, written-up, or suspended. No conversation addressed any of the issues Defendants claimed she had in response to the EEOC charge.

23. Not only that, Plaintiff got a $32,000 merit raise in July 2025, two months after the alleged violation.

24. Defendants told the EEOC that Plaintiff had to ask people to cover her court dates. This did happen, but it was after her pregnancy started. Plaintiff began having medical issues, severe edema, had to go to doctor's appointments, and on one occasion had to go to the ER for possible pre-eclampsia, which she eventually was diagnosed with.

25. Plaintiff kept Thomason up to date on her pregnancy and its challenges throughout the pregnancy.

26. On January 7, 2026, Plaintiff asked Thomas to sign off on her maternity leave paperwork.

27. On January 8, 2026, she submitted the maternity paperwork to the State.

28. On January 9, 2026, Plaintiff was fired.

29. No disciplinary process in the employee handbook was used as to Plaintiff, violating normal policies and procedures.

COUNT I

30. Plaintiff restates the foregoing as if fully stated herein.

31. By virtue of the facts alleged herein, Defendants have violated the FMLA by retaliating against Plaintiff for requesting and taking FMLA leave, and requesting further leave, as well as interfering with her FMLA rights by terminating her so that she would not go on FMLA leave.

32. As a result of Defendants' actions, Plaintiff has lost wages, benefits, and suffered medical bills.

33. This was a willful violation of the FMLA.

COUNT II

34. Plaintiff restates the foregoing as if fully stated herein.

35. By virtue of the facts alleged herein, Defendant Hagood in her official capacity as elected prosecutor has violated the Pregnancy Discrimination Act, the Pregnant Worker's Fairness Act, and Title VII, by terminating Plaintiff due to her gender and pregnancy and to avoid accommodating her.

36. As a result of Defendants' actions, Plaintiff has lost wages, benefits, and suffered medical bills, as well as having endured physical, mental, and emotional suffering.

COUNT III

38. Plaintiff restates the foregoing as if fully stated herein.

31. By virtue of the facts alleged herein, Defendants have violated 42 U.S.C. 1983 by discriminating against Plaintiff based on her gender in violation of her rights to Equal Protection under the Fourteenth Amendment. All available relief is sought against the individual capacity Defendants. Hagood in her official capacity is sued under *Ex Parte Young*, and Plaintiff does not seek money damages on the 1983 claims against Hagood in that capacity.

32. As a result of Defendants' actions, Plaintiff has lost wages, benefits, and suffered medical bills, as well as having endured physical, mental, and emotional suffering.

33. This is an intentional, malicious, and reckless violation of Plaintiff's federal rights, meriting an award of punitive damages.

PRAYER

**WHEREFORE**, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF: back pay, front pay or reinstatement, compensatory damages for mental, emotional, and physical suffering, liquidated damages in an amount equal to her wage loss, punitive damages, all in excess of $75,000, designation as rehireable, a positive reference, cleansing of her file, training for Defendants, an apology, posting of this verdict and the lawsuit, a directive not to retaliate, reasonable fees and costs, a jury trial on all matters so triable, and all other appropriate relief.

Respectfully submitted,
Lucien Gillham, ARBN 99199
SUTTER & GILLHAM P.L.L.C
310 Natural Resources Dr. Ste. 2
Little Rock, AR 72205
(501)315-1910- Phone
Lucien.gillham@gmail.com

By: */s/ Lucien Gillham, ARBN 99199*
Lucien Gillham, ARBN 99199